# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Giselle Evonne Bradley ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| vs. ) | |
| ) | |
| Equifax Information Services, LLC, ) | |
| ) | |
| Serve Registered Agent at: ) | |
| Corporation Service Company ) | |
| 2900 SW Wanamaker Dr., Suite 204 ) | |
| Topeka, KS 66614 ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Giselle Evonne Bradley, by and through her attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq.*, in her Complaint for Damages states and alleges to the Court as follows:

## INTRODUCTION

This is an action for damages brought by individual consumer Giselle Evonne Bradley against Equifax Information Services, LLC for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

1

2. Venue in this Court is proper in that Defendant transacts business in the state of Kansas and Kansas is where the injuries occurred.

**PARTIES AND SERVICE**

3. Giselle Evonne Bradley (hereafter "**Plaintiff**"), is a natural persons who, at all times relevant, resides in the State of Kansas.

4. Defendant Equifax Information Services, LLC, (hereafter "**Defendant**"), is a business entity that regularly conducts business in Kansas, and may be served through its Registered Agent, Corporation Service Company, 2900 SW Wanamaker Dr., Suite 204, Topeka, KS 66614.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

5. On November 12, 2008, Plaintiff filed a Chapter 13 Bankruptcy in the District of Kansas, Case No.08-22969-rdb 13.

6. Plaintiff has a first mortgage with Bank of America that was subsequently transferred to Seterus and a second mortgage with Bank of America.

7. Both mortgages were paid through Plaintiff's Chapter 13 Plan.

8. The debts to Seterus and Bank of America were excepted from discharge.

9. The pertinent pages of Plaintiff's Chapter 13 Plan are attached as Exhibit B.

10. Plaintiff received her discharge on January 31, 2014.

11. On October 7, 2014, Plaintiff requested and reviewed her credit reports from TransUnion, Equifax and Experian.

12. Plaintiff became aware that Bank of America and Seterus were misreporting information on her Equifax credit report.

13. Bank of America was reporting incorrectly on Plaintiff's credit report that it still owned the first mortgage with a Balance and Past Due Amount even though Bank of America sold the first mortgage to Seretus.

14. Accordingly, Bank of America should be reporting $0 Balance, no Past Due Amount, and account transferred and closed.

15. Bank of America was reporting incorrectly on Plaintiff's credit report that there was still a Past Due Balance on the second mortgage and failed to update the Balance and Payment History to reflect the current status of the second mortgage.

16. Seretus was reporting incorrectly on Plaintiff's credit report that there was still a Past Due Balance on the first mortgage and failed to update the Balance and Payment History to reflect the current status of the first mortgage.

17. On October 27, 2014, Plaintiff sent a letter with her bankruptcy information to Equifax disputing Bank of America's and Seretus' incorrect reporting in accordance with 15 U.S.C. § 1681i.

18. A copy of Plaintiff's dispute letter is attached as Exhibit B.

19. Defendant failed to send a Consumer Dispute Verification to both Bank of America and Seretus as required by 15 U.S.C. § 1681i.

20. The pertinent pages of Plaintiff's incorrect Equifax credit report are attached as Exhibit C.

21. Defendant's failure to conduct a reasonable investigation of Plaintiff's account was a substantial factor causing Plaintiff emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle

operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

22. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

## COUNT I
## EQUIFAX
## VIOLATIONS OF THE FCRA

23. Plaintiff repeats, realleges, and incorporates by reference each and every prior paragraph in this Complaint.

24. Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

25. Defendant is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

26. The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

27. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

   a. Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff in violation of 15 U.S.C. §1681i(a);

   b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

c. Willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

d. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

e. Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

f. Willfully and negligently failing to note Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

g. Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from Plaintiff;

h. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

i. Willfully and negligently failing to properly and timely delete the inaccurate information from Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

j. Willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

28. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Giselle Evonne Bradley respectfully requests this Court award the following:

a. Actual Damages;

b. Statutory Damages for each violation of the FCRA;

c. Punitive Damages;

d. Costs and reasonable attorney's fees pursuant to the FCRA;

e. Removal of all misreported information from Plaintiff's Equifax credit report;

f. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

*/s/* Chelsea S. Springer

Chelsea S. Springer #20522
The Law Offices of Tracy L. Robinson, LC
1125 Grand Boulevard, Suite 1300
Kansas City, MO  64106
Phone: (816) 842-1317
Fax: (816) 842-0315
admin@tlrlaw.com
Attorney for Plaintiff